OPINION
On November 7, 1997, the Licking County Grand Jury indicted appellant, Marcos Gouvouniotis, on two counts of trademark counterfeiting in violation of R.C. 2913.34 and one count of tampering with evidence in violation of R.C. 2921.12. Said charges arose from appellant's possession of counterfeit merchandise bearing several trademarks including Nike, Fila and Rolex.
On March 6, 1998, appellant pled no contest to the tampering charge. On same date, a bench trial commenced on the counterfeiting charges. By judgment entry filed March 6, 1998, the trial court found appellant guilty of all charges and determined the two counterfeiting charges were felonies of the fourth degree. The trial court sentenced appellant to a determinate term of nine months on each of the counterfeiting charges, to be served concurrently, and placed appellant on community control sanctions for the tampering charge.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN CONVICTING THE DEFENDANT-APPELLANT OF FELONY FOUR VIOLATIONS OF R.C. 2913.34, WHEN THE VALUE OF THE MERCHANDISE INVOLVED WOULD CONSTITUTE A FELONY OF THE FIFTH DEGREE.
 I
Appellant claims the trial court erred in finding him guilty of fourth degree felonies instead of fifth degree felonies. We disagree.
Appellant was convicted of counterfeiting under R.C.2913.34(A)(3). Pursuant to R.C. 2913.34(B)(4), the offense may be either a misdemeanor of the first degree, a felony of the fifth degree, a felony of the fourth degree or a felony of the third degree. The degree of the offense is determined by the value of the merchandise or the number of units involved:
 (4) Except as otherwise provided in this division, a violation of division (A)(3), (4), or (5) of this section is a misdemeanor of the first degree. Except as otherwise provided in this division, if the cumulative sales price of the goods or services to which or in connection with which the counterfeit mark is attached, affixed, or otherwise used in the offense is five hundred dollars or more but less than five thousand dollars, a violation of division (A)(3), (4), or (5) of this section is a felony of the fifth degree. Except as otherwise provided in this division, if the cumulative sales price of the goods or services to which or in connection with which the counterfeit mark is attached, affixed, or otherwise used in the offense is five thousand dollars or more but less than one hundred thousand dollars or if the number of units of goods to which or in connection with which the counterfeit mark is attached, affixed, or otherwise used in the offense is more than one hundred units but less than one thousand units, a violation of division (A)(3), (4), or (5) of this section is a felony of the fourth degree.
* * *
By stipulation filed March 6, 1997, appellant agreed the total units possessed for each count were "not less than 100 units and not more that 1000 units." The total sales value of the units for each count was "not less than $500 and not more than $5,000."
Appellant argues there exists an ambiguity within R.C.2913.34(B)(4) which must be resolved in his favor. Appellant argues because he possessed more than 100 units but less than 1000 with a sales value of more than $500 but less than $5000, he should have been convicted of fifth degree felonies.
Appellee, the State of Ohio, argues the statute's language "[e]xcept as otherwise provided" permits the convictions as fourth degree felonies. We agree. There would be no reason to include the cited language in the statute if the legislature did not foresee the possibility of the overlapping of the sales value and the number of units possessed. It appears the clear legislative intent is to punish mass possession of counterfeit trademark units thereby punishing a distributor greater than a casual holder of such.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.